# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY FLETCHER,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:14-CV-1898 (JCH) |
| v. | |
| STARBUCKS CORP.,<br>    Defendant. | MAY 13, 2015 |

## RULING RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 13) AND ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

Jeffrey Fletcher filed this suit in the Connecticut Superior Court against Starbucks Corporation ("Starbucks") on the basis of a series of events surrounding a Starbucks employee's refusal to allow him to use a restroom at a Starbucks coffee shop. Starbucks removed the action to this court. See Notice of Removal (Doc. No. 1).  In the Complaint (Doc. No. 1-1), Fletcher claims that the actions of Starbucks constitute illegal discriminatory denial of access to public accommodations and negligent and intentional infliction of emotional distress.  Starbucks moves to dismiss the Complaint in its entirety. See Defendant's Motion to Dismiss (Doc. No. 13).  The court grants the Motion with respect to the one claim sounding in federal law and denies the remainder of the Motion without prejudice to renew after a determination by the court whether it is proper to exercise jurisdiction over the remaining claims.

## I.    FACTS[1]

Fletcher is an African-American male and a police officer.  On October 19, 2013, Fletcher was inside the Starbucks coffee shop located at 896 Chapel Street, New Haven Connecticut, and sought permission to use the restroom.  ¶¶ 3–4.  The employee told him that he would have to wait because the key to the bathroom was locked in a safe.  ¶ 4.  The employee "further . . . refused" to let Fletcher use the bathroom facilities (perhaps in response to a second request—the Complaint does not make this clear), at which point Fletcher went to the store next to the Starbucks to use their bathroom.  ¶ 5.

A short time later, Fletcher returned to the Starbucks.  ¶ 6.  Fletcher then heard the report of another customer that, as soon as Fletcher had left:

> a Caucasian customer asked to use the bathroom and the same employee immediately accompanied the customer to the bathroom and unlocked the door with a key in his possession.

¶ 6.  Upon hearing this report, Fletcher immediately became upset and felt humiliated.

¶ 7.  "At the same time, the employee" who had denied Fletcher access to the bathroom "shouted at" Fletcher "now do you want to use the bathroom," (the Complaint does not state whether this shouting "at the same time" was in response to having overheard the account from the third party, to Fletcher's becoming upset, or to some other event)  ¶ 7.  Fletcher "thereupon left the premises."  ¶ 7.

Fletcher "has suffered and will continue to suffer severe mental pain and anguish, severe emotional trauma, embarrassment, humiliation, and loss of present and future income" because of this incident.  ¶ 9.

---

[1] For the purpose of considering the present Motion, the court assumes the truth of the well-pleaded facts asserted in the Complaint.

II.     **DISCUSSION**

    A.     <u>Dismissal of the only federal cause of action for failure to state a claim</u>

The First Count of the Complaint claims that Starbucks violated laws prohibiting "race and/or employment status" discrimination in places of public accommodation.  <u>See</u> Complaint ¶ 9.  Count One refers both to Connecticut and federal statutes, including section 2000a of title 42 of the United States Code, which prohibits discrimination in places of public accommodation.  Accordingly, the court construes the Complaint to raise a federal cause of action that would justify the exercise of federal question jurisdiction over the present case.

However, Starbucks argues that Fletcher may not pursue a federal suit for discrimination in a place of public accommodation because he has not exhausted his administrative remedies.  <u>See</u> Defendant's Memorandum in Support of Its Motion to Dismiss (Doc. No. 13-1) at 7–8 (citing, <u>inter alia</u>, <u>Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.</u>, 990 F.2d 1397, 1401 (2d Cir. 1993)).  Starbucks thus contends that the facts alleged fail to state a claim upon which relief can be granted.  <u>See id.</u>; Fed. R. Civ. P. 12(b)(6).

Fletcher does not respond to this argument.  The court thus infers that Fletcher has abandoned this claim, <u>see</u> <u>Jackson v. Fed. Express</u>, 766 F.3d 189, 198 (2d Cir. 2014), and grants the Motion as to this cause of action.

    B.     <u>Whether remand for lack of subject-matter jurisdiction is proper</u>

The First Count is the only one that purports to raise any claim that arises under federal law.  Accordingly, the court's dismissal of this count raises the question whether this case may be heard in federal court.  Thus, although Starbucks moves to dismiss

3

the remainder of the Complaint for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), before exercising jurisdiction over this case to rule on this portion of the Motion, the court will first determine whether it has the power to exercise jurisdiction over the case at all.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998).

The Notice of Removal argues that federal jurisdiction is appropriate irrespective of whether the Complaint raises a federal question because the parties are diverse, see Notice of Removal ¶¶ 4–5, and:

> [t]he matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because Plaintiff seeks significant damages, including but not limited to damages for allegedly "severe" emotional trauma, "loss of present and future income," statutory attorney's fees . . . , and exemplary and punitive damages.

Id. ¶ 6.  The Statement of Amount in Demand (Doc. No. 1-1 at 8) filed by Fletcher in the Superior Court provides an amount-in-controversy statement relevant to the jurisdiction of the Superior Court but not determinative of the federal diversity jurisdiction amount-in-controversy requirement.  It states: "The amount, legal interest or property in demand is in excess of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00), exclusive of interest and costs."  Statement of Amount in Demand at 1.  Fletcher's Complaint states that he "has suffered and will continue to suffer severe mental pain and anguish, severe emotional trauma, embarrassment, humiliation, and loss of present and future income," Complaint ¶ 9, and thus seeks:

> Fair, just and reasonable compensatory money damages; Punitive Damages; Exemplary damages under the common law for wanton and/or willful malicious conduct; Attorney fees and costs an; [sic] Such other relief at law or in equity as is deemed just and proper as to all counts.

Id. at 7.

Having considered all of the filings before it, the court concludes that it is appropriate to make a determination whether this case meets the section 1332 amount-in-controversy requirement using facts beyond those presently before the court. See Ryan v. Cerullo, 343 F. Supp. 2d 157, 160 (D. Conn. 2004); Bercy v. Am. Airlines, Inc., No. 09-cv-1750, 2011 WL 2490716, at *2 (E.D.N.Y. June 22, 2011) ("In the absence of a specified sum, it is appropriate to look outside of the pleadings to determine the amount in controversy, since jurisdictional inquiries are not limited to the Complaint." (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000))).

Accordingly, the plaintiff is hereby ordered to show cause why the case should not be remanded to the Connecticut Superior Court for lack of jurisdiction because the amount-in-controversy requirement of the federal diversity jurisdiction statute has not been met. See 28 U.S.C. § 1332. Specifically, the court directs Fletcher to submit proof that he has a nonfrivolous basis for seeking an amount that "exceeds the sum or value of $75,000," including that, to the extent he does not otherwise claim to meet the amount-in-controversy requirement, he has a nonfrivolous basis for claiming that he has lost present or future income. See Complaint ¶ 9. The court further notes that, if Fletcher actually wishes to have the case remanded to state court, he may make a binding stipulation that he was not, at the time he filed his case, seeking a total recovery of any more than $75,000. See Cerullo, 343 F. Supp. 2d at 159–60; Bercy, 2011 WL 2490716, at *2.

## III.   CONCLUSION

The Motion is **GRANTED** with respect to Count One, insofar as that Count may be construed to state a claim arising under federal law, and otherwise **DENIED** without

prejudice to refiling after the court determines which court has subject-matter jurisdiction to hear this case, including such a motion.  The plaintiff is **ORDERED TO SHOW CAUSE** no later than May 21, 2015 why the case should not be remanded to the Connecticut Superior Court for the reasons already stated, see Part II.B supra.  The defendant may also submit any filing on this issue by the same date.  Any response to any filings by either party shall be submitted no later than May 28, 2015.

        **SO ORDERED**.

        Dated at New Haven, Connecticut this 13th day of May 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge