UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| | : | CIVIL ACTION NO. |
| JEFFREY FLETCHER, | : | 3:14-CV-01898 (JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STARBUCKS CORPORATION, | : | |
| Defendant. | : | JULY 10, 2015 |
| | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 13)**

Plaintiff Jeffrey Fletcher ("Fletcher") originally filed this suit against defendant Starbucks Corporation ("Starbucks") in Connecticut Superior Court, on the basis of a series of events arising out of Fletcher's attempt to use the restroom a Starbucks coffee shop.  See Complaint (Doc. No. 1 Ex. A) ("Compl."). Starbucks removed the action to this court. See Notice of Removal (Doc. No. 1). In the Complaint, Fletcher alleged that a Starbucks employee refused to allow him to use the restroom, in violation of section 46a-64(a) of the Connecticut General Statutes and section 2000a of title 42 of the United States Code, both of which are public accommodations laws. See Compl. at 1-3. Fletcher also alleged that Starbucks' actions constitute negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED").

Starbucks moved to dismiss the Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Motion to Dismiss (Doc. No. 13) ("Mot. to Dismiss"). The court granted the Motion to Dismiss with respect to the federal law claim and denied the remainder of the Motion without prejudice to refiling after the court determined whether it had subject matter jurisdiction to hear the case. See Motion to

Dismiss Ruling (Doc. No. 20).  After the court determined during a telephonic status conference with the parties that it did have subject matter jurisdiction, the Motion to Dismiss was reopened as to the state law claims.  See Minute Entry for Telephonic Status Conference (Doc. No. 25).

For the reasons that follow, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

I.   FACTUAL BACKGROUND[1]

Fletcher is an African-American male and a police officer.  On October 19, 2013, Fletcher was inside the Starbucks coffee shop located at 896 Chapel Street, New Haven Connecticut, and sought permission to use the restroom.  See Compl. ¶¶ 3–4.  The employee told him that he would have to wait because the key to the bathroom was locked in a safe.  Id. ¶ 4.  The employee "further . . . refused" to let Fletcher use the bathroom facilities, at which point Fletcher went to the store next to the Starbucks to use its bathroom.  Id. ¶ 5.

A short time later, Fletcher returned to the Starbucks.  Id. ¶ 6.  Fletcher was then told by another customer that, as soon as Fletcher had left:

> a Caucasian customer asked to use the bathroom and the same employee immediately accompanied the customer to the bathroom and unlocked the door with a key in his possession.

Id.  Upon hearing this report, Fletcher immediately became upset and felt humiliated. Id. ¶ 7.  "At the same time, the employee," who had denied Fletcher access to the bathroom, "shouted at" Fletcher, "now do you want to use the bathroom."  Fletcher "thereupon left the premises."  Id.

---

[1] The court accepts all factual allegations in the Complaint as true for the purposes of a motion to dismiss.  See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

Fletcher "has suffered and will continue to suffer severe mental pain and anguish, severe emotional trauma, embarrassment, humiliation, and loss of present and future income" because of this incident. Id. ¶ 9.

## II.     STANDARD OF REVIEW

On a motion to dismiss, all factual allegations in the complaint must be accepted as true, and the court must draw all reasonable inferences in the plaintiff's favor. See Harris, 572 F.3d at 71-72. "[A] motion to dismiss does not involve consideration of whether a plaintiff will ultimately prevail on the merits, but instead solely whether the claimant is entitled to offer evidence in support of his claims." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 65 (2d Cir. 2010) (citation and quotation marks omitted).

Pursuant to the Federal Rules, a defendant may move to dismiss a complaint if it "fails to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Trans. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

#### A. Public Accommodation Claim under C.G.S.A. § 46a-64(a)

Fletcher alleges in the Complaint that Starbucks violated C.G.S.A. § 46a-64(a) by denying him access to its restroom. See Compl. ¶ 9. In response, Starbucks argues both that section 46a-64 does not provide a private cause of action, see Defendant's Memorandum in Support of Its Motion to Dismiss 4-6 (Doc. No. 13 Ex. 1) ("Def.'s Mem. in Supp."), and that Fletcher failed to exhaust his administrative remedies, see id. at 6-7.

Fletcher does not respond to either of these arguments in his reply to Starbucks' Motion to Dismiss. See Objection to Motion to Dismiss (Doc. No. 18) ("Pl.'s Reply to Mot. to Dismiss"). The court thus infers that Fletcher has abandoned this claim, see Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014). Accordingly, the court grants the Motion to Dismiss as to this cause of action.

#### B. Intentional Infliction of Emotional Distress

In order to claim intentional infliction of emotional distress under Connecticut law, a plaintiff must allege: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Bd. of Educ. of Town of Stonington, 757 A.2d 1059,

1062 (Conn. 2000); see also Lorenzi v. Conn. Judicial Branch, 620 F.Supp.2d 348, 352 (D. Conn. 2009) (citing Appleton).

At the motion to dismiss stage, "[w]hether a defendant's conduct is extreme and outrageous is a question, in the first instance, for the court." Lorenzi, 620 F.Supp.2d at 353. Although the court acts as the "initial gatekeeper" as to extreme and outrageous prong, "the issue must be left to the factfinder where reasonable minds could disagree." El Badrawi v. Dep't of Homeland Sec., 579 F.Supp.2d 249, 279 (D. Conn. 2008) (citing Appleton).

In Connecticut, " '[l]iability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.' " Lorenzi, 620 F.Supp.2d at 352 (quoting Ancona v. Manafort Bros., Inc., 746 A.2d 184, 192 (Conn. App. Ct. 2000). "[I]nsults, verbal taunts, threats, indignities, annoyances, petty oppressions or conduct that displays bad manners or results in hurt feelings do not support a claim for intentional infliction of emotional distress." Miner v. Town of Cheshire, 126 F.Supp.2d 184, 195 (D. Conn. 2000).

Starbucks argues that the conduct underlying Fletcher's claim amounts only to the following: "a Starbucks employee told [Fletcher] that the key to the bathroom was locked in a safe, allowed a Caucasian customer to use the bathroom after [Fletcher] left the premises, and then upon [Fletcher's] return to Starbucks, asked [Fletcher] if he would like to use the bathroom." Def.'s Mem. in Supp. at 9. The court disagrees with Starbucks' version of its employee's conduct, especially given the fact that the court, at the current stage in the proceedings, must draw all reasonable inferences in Fletcher's

5

favor. Rather, drawing all reasonable inferences in Fletcher's favor, the court would describe the employee's conduct as follows: the employee, while possessing the key to the bathroom on his person, lied to Fletcher by telling him he would have to wait to use the bathroom until the employee retrieved the key. See Compl. ¶¶ 4, 6. The employee's denial of Fletcher's request to use the restroom was motivated by the fact that Fletcher was African-American. See id. ¶ 6. This is evidenced by the fact that the employee escorted a Caucasian customer to the restroom immediately after Fletcher left, apparently without having to retrieve, and without having had retrieved, the key from the safe. See id. When Fletcher returned to the Starbucks, the employee shouted at him in a manner that was intended to highlight the fact that the employee had just denied Fletcher the right to use the restroom. See id. ¶ 7.

As for whether the employee's conduct was "extreme and outrageous," Fletcher argues that being denied the use of a public restroom on account of race recalls "the use of Jim Crow laws in the past century and [is] unthinkable in today's age." Pl.'s Reply to Mot. to Dismiss 5. Starbucks, on the other hand, argues that the behavior "at worst . . . suggest[s] insensitivity or rudeness . . ." Def.'s Mem. in Supp. at 9. Starbucks argues that, even if the court assumes that the employee denied Fletcher use of the restroom based on race – which is a reasonable inference – Fletcher's "allegation of a single, isolated incident falls far short of meeting the high standard for extreme and outrageous conduct." Defendant's Reply Brief in Support of Its Motion to Dismiss 4 (Doc. No. 19) ("Def.'s Reply"). In support of this assertion, Starbucks cites to a series of cases in the Connecticut Superior Court in which the courts dismissed IIED claims that were predicated on isolated incidents in which racial slurs were used. See id. at 3-4.

However, "[t]here is no bright line rule to determine what constitutes extreme and outrageous conduct," Menon v. Frinton, 170 F.Supp.2d 190, 198 (D. Conn. 2001), and there is certainly no rule that says that conduct cannot be extreme and outrageous on the basis that it was an isolated incident.

The court finds that reasonable minds could disagree as to whether being denied the use of a public accommodation on the basis of race, and then being publicly humiliated over that denial of access – which is what Fletcher's claims amount to when read in the light most favorable to him – constitutes "extreme and outrageous" behavior. Accordingly, given the allegations, the factfinder, not the court, must ultimately decide if the defendant's conduct was extreme and outrageous. Thus, the Motion to Dismiss is denied as to the IIED claim.

    C. Negligent Infliction of Emotional Distress

In order to claim negligent infliction of emotional distress under Connecticut law, a plaintiff must allege that: "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." Vega v. Sacred Heart Univ., Inc., 871 F.Supp.2d 81, 85 (D. Conn. 2012) (citing Carrol v. Allstate Ins. Co., 815 A.2d 119, 127 (Conn. 2003)).

Starbucks argues that there is no way that its employee's actions could have created an unreasonable risk of causing emotional distress. Rather, Starbucks argues: "At worst, Starbucks' alleged actions caused Plaintiff to prevent himself from urinating long enough to walk next door and utilize the bathroom in another store." Def.'s Reply

at 5.  The court disagrees.

In arguing that the allegations in the Complaint fail to state a claim for NIED, Starbucks notably ignores the second part of the conduct that Fletcher alleges. Specifically, Starbucks ignores Fletcher's allegations that, upon his returning to the Starbucks after using the restroom next door, the same Starbucks employee that denied him access to the restroom then shouted at Fletcher.  See Compl. ¶ 7.  Further, as discussed above, Fletcher's allegations allow the court to draw the reasonable inference that the employee's shouting was intended to highlight the employee's earlier denial of the use of the restroom to Fletcher.  Viewing the initial denial of the use of the restroom and the employee's subsequent shouting at Fletcher in tandem, the court concludes that Fletcher has sufficiently alleged that the Starbucks employee's conduct created an unreasonable risk of causing Fletcher emotional distress, and that such distress was foreseeable.  As for the third and fourth prongs of an NIED claim, there is no dispute that the Complaint sufficiently alleges that the emotional distress Fletcher suffered was severe enough to cause him illness or bodily harm, and that the defendant's conduct was the cause of the emotional distress.  See id. ¶ 11.  Accordingly, the Motion to Dismiss is denied as to the NIED claim.

### IV.     CONCLUSION

The defendant's Motion to Dismiss (Doc. No. 13) is **GRANTED** in part and **DENIED** in part.  The Motion is granted as to the plaintiff's public accommodation claim under C.G.S.A. § 46a-64(a).  The Motion is denied as to the plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

**SO ORDERED.**

Dated this 10th day of July, 2015 at New Haven, Connecticut.

                                                  /s/ Janet C. Hall_____
                                                  Janet C. Hall
                                                  United States District Judge